SAVIN ROCK ARCADE, Inc., Plaintiff,

v.

John J. FITZPATRICK, Former Collector of Internal Revenue for the District of Connecticut, Defendant.

Civ. A. No. 5430.

United States District Court
D. Connecticut,
Civil Division.

Feb. 17, 1958.

Frederic M. Klein, Klein & Klein, New Haven, Conn., for plaintiff.

Simon S. Cohen, U. S. Atty. for Dist. of Connecticut, Hartford, Conn., Richard Mulcahy, Dept. of Justice, Washington, D. C., for defendant.

ANDERSON, District Judge.

This is an action brought pursuant to 28 U.S.C. Section 1346(a) (1), to recover occupational taxes on coin-operated machines for the period of July 1, 1949 through June 30, 1953 and assessed under Section 3267 of the Internal Revenue Code of 1939, 26 U.S.C. § 3267.

The plaintiff, Savin Rock Arcade, Inc., maintains an amusement arcade including devices known as "digger machines" upon which the tax in issue has been assessed.

The so-called "digger machine" is rectangular in shape and stands five or six feet from the floor. In the front, the top half of the machine is glass enclosed. Inside in the rear is an arm about a foot long, standing at a ninety-degree angle, from the end of which hangs a chain at the end of which dangles a claw which opens and closes. Below the glass enclosure, outside, on the front of the machine at the right is a dial which moves the arm inside the machine to the right or left. The bed of the machine is covered with candy pellets on which are scattered a large number of small toys and novelties, each of a retail value of less than five cents. The machine becomes operative by the insertion of two one-cent coins. The chain then drops the claw on the merchandise and the operator by turning the dial moves the arm and the claw to the right or left and attempts to pick up one of the prizes to deposit it into a chute leading out of the machine. Whether a prize was picked up by the claw or not in actual operation, the player received four to eight pellets of candy.

The court has jurisdiction of the parties and the subject matter in this action.

The plaintiff claims that it can only be taxed under Section 3267(a) (1) and not under Section 3267(a) (2) because its digger machines come within the exclusion in that part of Section 3267(b) which reads as follows:

"For the purposes of this section, a vending machine operated by means of the insertion of a 1 cent coin, which, when it dispenses a prize, never dispenses a prize of a retail value of, or entitles a person to receive a prize of a retail value of, more than 5 cents, and if the only prize dispensed is merchandise and not cash or tokens shall be classified under clause (1) and not under clause (2)."

The fact that the plaintiff's machine is not "operated by means of the insertion of a 1 cent coin" but is operated by the insertion of two one-cent coins is fatal to the plaintiff's recovery here. Although, as the plaintiff itself suggests in its brief, the indefinite article "a" is not always synonymous with "one", the meaning of the word must be determined from the context. As used here "a 1 cent coin" means one one-cent coin. To hold otherwise would be an invitation to remake those coin-operating devices which are operated by higher denominations of coins, nickels, dimes, etc. to take a series of one-cent coins for the purpose of avoiding the higher occupational taxes. The House Ways and Means Committee report on the bill which enacted the "1 cent" exclusion indicates that the provision was entended to cover machines operated by no more than one cent, "such as 1-cent ball gum machines". H. Rept. 2333, 77th Congress, p. 43. Furthermore, on the floor of the House, Congressman Reed referred to the machine which the exclusion was intended to cover as "penny vending machines". 88 Congressional Record, page 6322. A ma-

chine which requires two cents to operate can no more be considered a "penny" machine than a machine which requires ten cents to operate can be considered a nickel machine. Although it may well be that this interpretation of Section 3267(b)(2) makes no provision for the devaluation of our currency since 1942 when the section was enacted and that it will result in the very heavy taxation of devices like the plaintiff's "digger machines", relief in this instance must come from the Congress and not a strained court construction.

Since the plaintiff's machines are not "operated by the means of the insertion of a 1 cent coin", it does not become necessary to decide or discuss whether or not the machines in issue are "vending machines" within the meaning of the statute.

Judgment with costs may enter for the defendant.